No. 99-376

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 249N

J. MICHAEL STILES,

Appellant and Defendant,

v.

JIMMY L. HUFF and BIG BEAR CRUISERS,

Respondent and Plaintiff.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Susan Watters, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

J. Michael Stiles, Billings, Montana (*pro se*)

For Respondent:

Matthew L. Erekson, Billings, Montana

Submitted on Briefs: March 30, 2000
Decided: September 14, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Plaintiff Jimmy Huff and Big Bear Cruisers (Huff) sold a car to Defendant J. Michael Stiles (Stiles). Stiles failed to make proper payments on the car, and Huff filed suit to enforce the contract in the Thirteenth Judicial District Court in Yellowstone County. The court found a binding purchase agreement and ordered the defendant to pay the remaining purchase price on the car to the Plaintiff. From this judgment, Stiles appeals. We affirm.

¶3 Plaintiff, Jimmy L. Huff owns and operates a business in Texarkana, Texas called Big Bear Cruisers which buys and sells police cruisers. The defendant is a resident of Billings, Montana, who intermittently buys and sells automobiles. On November 8, 1997, the parties entered into a purchase agreement for a 1995 Chevy Caprice. The agreement provided that Stiles would pay $1,500 as a down payment and would continue to make monthly payments up to the full purchase price of $8,800. Huff reserved the right to repossess the vehicle in the event that Stiles failed to make two consecutive payments.

¶4 Stiles made two payments in addition to receiving a credit on the balance of the amount owed for services rendered to Huff, leaving a balance of $6,818. In March of 1998, Stiles represented to Huff that he intended to sell the car because he was unable to continue making payments and asked Huff to provide a lien release so that he could sell the car. Huff complied, and Stiles filed with the State of Montana for a clear title for the car and subsequently received one. Stiles continued to send letters to Huff indicating that he was trying to sell the car in order to pay the balance of the contract with the proceeds from the sale.

¶5 After more months of missed payments Huff filed suit for breech of contract and obtained a Writ of Attachment. The car was towed and placed into storage and a hearing

was held. At trial, Stiles claimed that he believed that the balance of the car had been paid and produced an invoice to that effect. The District Court found that the document had been falsified and that the defendant had breached the contract. The court entered a judgment against the defendant, ordering him to pay the remaining purchase price of the car.

¶6 Stiles raises three issues on appeal. First, whether the District Court erred when Judge Watters did not excuse herself from this case due to an alleged conflict of interest. Second, whether his right to due process was violated by a failure to follow the procedures of § 27-18-701, MCA in a show cause hearing after the Writ of Attachment. Finally, Stiles argues that the contract was invalid because he was unable to enter into a contractual agreement because he has been convicted of a criminal offense and is therefore a person deprived of civil rights under § 28-2-201, MCA.

¶7 We need not reach the merits of any of these issues because the dispositive issue on appeal is whether the defendant waived his right to appeal these issues by not raising them at trial.

¶8 Ordinarily we would look to the provided record to determine whether the issues had been duly raised. Unfortunately, transcripts have not been provided for either the hearing or the trial. It is the responsibility of the appellant to provide the Supreme Court with a complete record on appeal. Rule 9(a), M.R.App.P. provides:

> Composition of the record on appeal. The original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court shall constitute the record on appeal in all cases. *It is the duty of a party seeking review of a judgment, order or proceeding to present the supreme court with a record sufficient to enable it to rule upon the issues raised. . . .* (Emphasis added.)

It is the responsibility of the appellant to provide this Court with a record reflecting that the objections at issue were duly made to the District Court. Transcripts have not been provided for either the hearing or the trial. It appears from the record (or lack of it) that there were no objections made at trial to any of the errors asserted by the defendant. Huff asserts that these issues were not raised at trial and we have no choice but to believe him. There is no evidence in the record that we have that Stiles raised any of the above objections to the District Court. If Stiles wished to raise these issues on appeal, it was his

responsibility not only to appropriately raise them at the trial court, but also to provide us with sufficient evidence to that effect by providing a full record. As there is no evidence to the contrary, we must assume that none of the objections were raised and the defendant waived his right to appeal these issues to this court.

¶9 We hold that the defendant waived his right to appeal these issues by not raising them at the trial level. The judgment of the District Court is affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER